| | | |
|---|---|---|
| FOR THE DISTRICT OF SOUTH CAROLINA | ) | UNITED STATES DISTRICT COURT |
| COLUMBIA DIVISION | ) ) | |
| Daniel Broome, | ) ) | CASE NO.:     3:19-236-TLW |
| Plaintiff, | ) ) | |
| vs. | ) ) | **COMPLAINT** (Jury Trial Requested) |
| P&T Transport, LLC, and Aliaksandr Mikhalevich, Individually and as an agent of P&T Transport, LLC, | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff DANIEL BROOME, by and through his attorney, complaining of the Defendants above named, would respectfully show unto this Honorable Court that:

**PARTIES**

1. Daniel Broome (hereinafter "Plaintiff"), brings the below claims against all Defendants in his individual capacity. Plaintiff is at all times relevant to this Complaint a citizen and resident of the State of South Carolina.

2. Upon information and belief, Defendant P&T Transport, LLC. (hereinafter "P&T") is a company organized and existing under the laws of the State of Washington that transported commodities through the State of South Carolina, including the County of Lexington, at the time of the incident complained of herein. P&T is engaged in the business of providing transportation of goods in South Carolina and regularly engages in interstate commerce in the state of South Carolina by servicing customers within the state of South Carolina and derives substantial revenue therefore.

3. Upon information and belief, Defendant Aliaksandr Mikhalevich (herein referred to as "AM") is a resident of Asheville, North Carolina.

## FACTS

4. That on July 10, 2018, Plaintiff was traveling West on Interstate 26 in Lexington County, South Carolina.

5. On the same date, and at the same time, Defendant AM was operating a tractor-trailer owned by P &T, and also traveling West on Interstate 26 in Lexington County, South Carolina.

6. At all times herein mentioned, Plaintiff's vehicle was operated in a reasonable and prudent manner, with due caution and proper regard for the motor vehicle laws of the state of South Carolina.

7. At some point close in time to 2:52 pm, Defendant AM maneuvered his tractor-trailer from the right lane to left lane, striking Plaintiff, who was traveling in the left lane.

8. The collision caused by Defendant AM forced Plaintiff off the road, causing Plaintiff to strike the median on Interstate 26.

9. Upon information and belief, visibility was unobstructed and the weather was clear at the time of this incident.

10. Plaintiff had little to no time to react.

11. The motor vehicle being operated by Plaintiff was destroyed in the collision.

## FOR A FIRST CAUSE OF ACTION
**(Negligence as to Defendant AM)**

12. Plaintiff repeats and realleges Paragraphs 1 through 11 as though set forth herein verbatim, and would further allege:

13. Defendant AM had a duty to act reasonably and use due care while operating his tractor-trailer. Defendant AM had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of South Carolina, to maintain proper speed for the conditions, the reduce the speed of his tractor-trailer to avoid an accident, to maintain a proper distance between vehicles, to stay to the right hand side of the road, to maintain his vehicle within his lane, and to pay full time and attention to the operation of his vehicle, and to avoid a collision.

14. Defendant AM breached that duty of due care by failing to pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the traffic control device, failing to obey the laws and rules of the State of South Carolina, failing to maintain proper speed for the conditions, failing to reduce the speed of his tractor-trailer to avoid an accident, failing to maintain a proper distance between vehicles, by failing to control the vehicle in order to avoid a collision, failing to maintain his vehicle in his travel lane, and colliding with Plaintiff's vehicle.

15. As a direct and proximate cause of the negligence of Defendant AM, Plaintiff suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future medical expenses.

16. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant AM and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or an opportunity for Plaintiff to avoid the accident.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence as to Defendant P&T)**

17. Plaintiff repeats and realleges paragraphs 1 through 16 as though set forth herein verbatim and would further allege:

18. Defendant P&T had a duty to Plaintiff to act reasonably.

19. Defendant P&T breached that duty.

20. As a direct and proximate cause of the negligence of the Defendant P&T, Plaintiff suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future medical expenses.

21. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant P&T and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or an opportunity for Plaintiff to avoid the accident.

**FOR A THIRD CAUSE OF ACTION**
**(Negligent Entrustment as to Defendant P&T)**

22. Plaintiff repeats and realleges Paragraphs 1 through 21 as though set forth herein verbatim, and would further allege:

23. The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the tractor-trailer by Defendant AM in a negligent and reckless manner, which because of youth, inexperience, and prior actions, Defendant P&T knew, or had reason to know, was likely to involve an unreasonable risk of harm to others.

24. Defendant P&T, as the owner of the truck driven by Defendant AM, has the right to permit and the power to prohibit the use of said vehicle to Defendant AM.

25. Defendant P&T knew, or had reason to know, that Defendant AM because of youth, inexperience, and/or prior actions, was likely to drive his tractor-trailer in a negligent and reckless manner.

26. As a direct result of Defendant P&T negligently entrusting the vehicle to Defendant AM, who operated said vehicle in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in cause of action 1 of this complaint.

### FOR A FOURTH CAUSE OF ACTION
### (Negligent Hiring and Retention as to Defendant P&T)

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though set forth fully herein verbatim and would further allege:

28. Defendant P&T had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee.

29. Defendant P&T owed such duty to Plaintiff and such duty was breached.

30. Defendant P&T knew, or should have known, that Defendant AM would be likely to operate a tractor-trailer in a negligent and reckless manner.

31. Defendant P&T knew, or should have known, that Defendant AM was not competent or fit for the duties required of him as an employee. Defendant P&T breached their duty to use reasonable care to select and retain an employee who was competent and fit for the position.

32. As a result of Defendant P&T's negligence in hiring and retaining Defendant AM, Plaintiff was injured as alleged.

## FOR A FIFTH CAUSE OF ACTION
(Agency as to Defendant P&T)

33.    Plaintiff repeats and realleges paragraphs 1 through 32 as though set forth fully herein and would further allege:

34.    The above described acts of Defendant AM were committed while he was acting as an agent, servant, or employee of Defendant P&T.

35.    The above described acts of Defendant AM were committed within the scope of his agency, and while furthering the business interests of Defendant P&T.

36.    As the principals for Defendant AM, Defendant P&T is responsible for all of the acts committed by Defendant AM within the scope of his agency.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court Order judgment against the Defendants in such an amount as this Court may determine proper, for reasonable costs associated with this action, as well as any other interest and fees to which Plaintiff and/or Plaintiff's counsel may otherwise be entitled, and for all other relief and law and equity which this court deems just and proper.

Respectfully submitted this 25th day of January, 2019.

Respectfully submitted,

s/Todd R. Lyle

Todd R. Lyle
Federal I.D. No.:12656
P.O. Box 11126
Columbia, South Carolina 29211
803.929.0001
803.929.0927 Facsimile
Todd@reevesandlyle.com (email)
ATTORNEY FOR THE PLAINTIFF